15257

WILLIAMS v. SOUTHEASTERN LIFE INS. CO.

(14 S. E. (2d), 895)

*Mr. Henry Campbell Miller,* of Anderson, for appellant,

*Mr. Harold Major,* of Anderson and *Messrs. Haynsworth & Haynsworth,* for respondent,

May 8, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

This action was brought by the plaintiff on a certificate of insurance under a group policy issued by the defendant to the Courtenay Manufacturing Company in December, 1931. The policy contract not only insured plaintiff's life, but it insured him against total and permanent disability.

The plaintiff had been employed as a mechanic in the machine shop of the Courtenay Company for about eighteen

years prior to the commencement of the action, and, according to the allegations of the complaint, he was engaged principally in plumbing, steam fitting and relining boilers, which work required special knowledge, training and skill, and upon which he depended for his living. He sued for the recovery of benefits under the total and permanent disability clause, and the trial resulted in a verdict for the defendant.

The appeal assigns error to the lower Court because of its refusal to direct a verdict on behalf of the plaintiff, its refusal to grant a new trial, and other alleged errors which will be hereinafter discussed. The respondent likewise made a motion for a directed verdict, which was refused, and it now asks that the judgment in its favor be sustained upon the additional ground that its motion should have been granted.

Appellant alleges that he became wholly disabled while an employee of the Courtenay Company, on or before March 1, 1939. It is undisputed that subsequent to this time the insurance in question lapsed by reason of the failure to pay the premium which fell due on March 22, 1939. It is also admitted that the plaintiff continued as an employee of the Courtenay Company until July 14, 1939, without diminution in his compensation, and that no notice of claim was given by the insured to the defendant until September 21, 1939. The policy provision under which the action was brought is as follows: "If any employee insured under the group policy * * * has become wholly disabled by bodily injuries or disease, and will be presumably permanently, continuously and wholly thereby prevented for life from engaging in any occupation or employment for wage or profit * * *," the benefits herein provided would become payable.

The insurance contract also provided a grace period of thirty-one days for the payment of each premium, after the first, "during which period the insurance shall continue in force," and the payment of premium was waived in the event of toal and permanent disability.

After a review of the evidence, we are satisfied that the Circuit Court committed no error in refusing the motions for a directed verdict made by the plaintiff and by the defendant. Inasmuch as this case must be remanded for a new trial upon a ground yet to be discussed, we will make only a brief reference to the evidence.

The plaintiff was 53 years of age when the action was brought, and, as stated, had worked continuously with the Courtenay Company as a mechanic for a period of eighteen years. He testified that he was trained and specially fitted as a plumber, steam fitter, and boiler liner, and depended upon this work for his living. He contracted influenza in 1937, and never completely recovered, and was never able to resume his special line of work in his usual ordinary and accustomed way. He was given lighter tasks to perform, and was aided in the performance of such tasks by his co-employees; he was able to do no heavy work at all in January, February, and March, 1939, and because of his physical disability he was favored by his superior; he did what his strength permitted, while co-employees performed the heavy work which he was accustomed to do formerly. Because of his physical condition he finally gave up his connection with the mill, on July 14, 1939.

There is much other testimony supporting in greater detail the plaintiff's alleged disabilities. The medical testimony showed that the plaintiff was emaciated, weak, and suffered from a rapid pulse, low blood pressure, a hacking cough, concavity in both sides of the chest, and enlargement of the thyroid gland. The doctor said he had an incurable case of pellagra, and expressed the opinion that plaintiff was totally and permanently disabled on or before the 1st day of March, 1939. He testified that plaintiff's mental condition was far from good, and would get worse.

The defendant offered testimony tending to show that appellant was not wholly and permanently disabled, and,

further, that he was merely a general utility employee who was assigned no special tasks.

In our opinion, the case was properly submitted to the jury under the authority of *Thompson v. Aetna Life Insurance Co.*, 177 S. C., 120, 180 S. E., 880; *Harman v. New York Life Insurance Co.*, 184 S. C., 461, 192 S. E., 878; *Dukes v. Jefferson Standard Life Insurance Co.*, 172 S. C., 502, 174 S. E., 463.

Appellant assigns error because of the trial Court's refusal to give the following requested instruction, which had been reduced to writing, and which was submitted immediately following the main charge.: "I charge you that if you find from the evidence that the plaintiff continued on in the employment of Courtenay Manufacturing Company after the time he claims his disability became total and presumably permanent, and that he got credit for full time and received full pay, that this fact, if it is a fact, is not conclusive against the plaintiff if you also find that his inability to discharge his regular duties increased and that his co-employees (Watson and Mulkey) aided him in the performance of his work."

The foregoing instruction was refused under the following circumstances which will be better shown by quoting the record:

"The Court: Gentlemen, have I overlooked anything to which you wish to call my attention? I don't mean now for any arguments to be made, but if I have overlooked any law.

"Mr. Miller: May I ask the Court to charge this instruction?

"The Court: Have you written it out?

"Mr. Miller: Yes, your Honor (presenting request to the Court).

"The Court: Mr. Miller, I think that request perhaps comes too late. I haven't had time to study it.

"Mr. Miller: May it please the Court,—

"The Court: Hold on. No argument now. I am just stating why I decline to charge that. It comes too late and it's too involved for me to attempt to charge it. It strikes me in the first place that it might infringe upon the facts of the case, and I haven't time now to consider it as I have delivered my charge to the jury. I think I have charged the law of the case sufficiently fully anyway."

It will be noted that the Court declined to give the requested instruction upon three grounds: (1) The request came too late, and was too much involved; (2) it constituted a charge on the facts; and (3) the matter contained in the requested instruction was sufficiently covered by the main charge already given to the jury.

By inviting further suggestions, and in effect additional requests to charge at the conclusion of his instructions to the jury, the trial Judge was following a custom—and we think a good custom—which has prevailed in this State for many years.

We have held in repeated decisions that if a party is not satisfied with instructions given to a jury he must request additional instructions, especially where the Court has made inquiry relative thereto. *Dempsey v. Western Union Telegraph Co.,* 77 S. C., 399, 58 S. E., 9; *Hiller v. Bank of Columbia,* 96 S. C., 74, 79 S. E., 899; *Town of Estill v. Clarke,* 179 S. C., 359, 184 S. E., 89.

We have also held that where the trial Judge, at the conclusion of the charge, inquires of attorneys if any additional or more specific instructions are desired, counsel should at that time submit such other requests as may be desired, otherwise the inference will be authorized that the charge as given is satisfactory, and that further instructions are waived. *Merritt v. Great Atlantic & Pacific Tea Co.,* 179 S. C., 474, 184 S. E., 145; *Dodenhoff v. Nilson Motor Express Lines,* 190 S. C., 60, 2 S. E. (2d), 56; *Mishoe v. Atlantic Coast Line R. Co.,* 186 S. C., 402, 197

S. E., 97; *Grimsley v. Atlantic Coast Line R. Co.*, 189 S. C., 251, 1 S. E. (2d), 157.

So that the issue to be determined is not whether the requested instruction came too late, but whether it presented an unsound proposition of law and whether such instruction had been covered in the main charge.

In our opinion, the proposition of law requested did ■ not infringe upon the facts. It was nothing more than a statement of a legal conclusion which would result if the jury found certain facts alleged in the complaint to exist.

Numerous cases uphold the proposition that a charge ■ stating the legal conclusions which would result from the establishment of certain facts is not necessarily subject to objection as a charge on the facts, or as assuming the truth of the facts as stated, *Kean v. Landrum*, 72 S. C., 556, 52 S. E., 421; *Mitchell v. Cleveland*, 76 S. C., 432, 57 S. E., 33; *Sims v. Southern R. Co.*, 59 S. C., 246, 37 S. E., 836.

The charge requested, we think, was especially applicable. The defendant on its motion for a directed verdict relied primarily upon the work record of the plaintiff extending over a period of four and a half months after the date upon which he claims to have become totally and permanently disabled, and the requested instruction had reference to that situation.

Nor upon a careful examination of the whole charge do we think the proposition of law requested was referred to or covered in the main charge.

Because of the error of the Court in refusing to give the requested charge we think a new trial should be granted.

Judgment reversed, and case remanded.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.