## 15400

### COLEMAN v. LUREY

(20 S. E. (2d), 65)

fall term, 1941.

*Messrs. Babb & Babb* and *Mr. O. L. Long,* all of Laurens,

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, S. C., counsel for respondent,

April 29, 1942.

The opinion of the Court was delivered by CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE.

This action was brought by the plaintiff to recover from the defendant damages by reason of the destruction by fire of certain property owned by the plaintiff alleged to have been started by the negligence of the defendant, his agents and employees. The answer denied liability for the fire, and also set up the affirmative defense of contributory negligence on the part of the plaintiff. The case came on for trial at the fall term, 1941, of the Court of Common Pleas for Laurens County before Honorable P. H. Stoll, presiding Judge, and

a jury, and resulted in a verdict in favor of the plaintiff. The cause comes to this Court upon the appeal of the defendant, who excepts only to a certain portion of the presiding Judge's charge to the jury upon the subject of contributory negligence.

The charge refers at some length to this subject, and the trial Judge correctly defined contributory negligence in these terms: "Contributory negligence is such an act or omission—like I told you that negligence may be an act of omission or commission—is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or cooperating with the negligent act of the defendant, to make it a proximate cause of the injury complained of."

But shortly thereafter he also charged the jury as follows, and this constitutes the sole basis for the appeal: "I charge you this, where the plaintiff and defendant are equally at fault in producing an injury, where both are negligent, one is just as negligent as the other, the law leaves them where it finds them."

We have carefully reviewed the charge as a whole and the conclusion seems inescapable that the language complained of was erroneous (although otherwise the charge was admirable), because upon any fair construction thereof the jury was in effect instructed that the plea of contributory negligence was dependent upon whether the plaintiff and the defendant were equally at fault, and this idea is further emphasized by the subsequent clause in the sentence, "one is just as negligent as the other." In other words, the jury may well have inferred that they must compare the alleged negligence of the respective parties, while of course we do not recognize or apply the doctrine of comparative negligence in this State unless it is required by statute; the settled principle being that any contributory negligence on the part of the plaintiff is sufficient, regardless of degree or extent, provided it contributes to the injury as a

proximate cause thereof without which it would not have occurred.

As we have already stated, our conclusion is based upon a consideration of the charge as a whole, and we find nothing in the remainder of the charge which tends to correct these erroneous statements. Nor do we find in the record any basis upon which we might conclude that the error was not prejudicial, or that it could not have affected the verdict of the jury.

It is, however, earnestly contended in behalf of the respondent that even if the trial Judge committed error as alleged, it was the duty of counsel for the appellant to have brought the matter to his attention, especially since at the close of his charge he inquired of counsel if there was anything else they desired to be charged, and in response thereto counsel for the appellant did request a further charge on another subject.

It is well established by numerous decisions of this Court that any error on the part of the trial Judge in the statement of the issues will be deemed waived if counsel fail to bring it to his attention. Among the many cases so holding we cite the following: *Gowns v. Watts Mill,* 135 S. C., 163, 133 S. E., 550; *Hiller v. Bank of Columbia,* 96 S. C., 74, 79 S. E., 899; *Park v. Laurens Cotton Mills,* 75 S. C., 560, 56 S. E., 234. There was, however, no error here in the statement of the issues.

We have likewise repeatedly sanctioned the sound principle that while the constitution requires that Judges "shall declare the law" (Art. V, Sec. 26), this simply means that the Judge shall state the controlling principles of law applicable to the case in the light of the pleadings and the evidence, even if no request is presented by counsel for either party; but that if any elaboration thereof, or a charge on some specific phase, is desired, counsel must bring the matter to the attention of the Court or it will be deemed to have been waived. An excellent statement

of this rule, supported by many South Carolina cases cited in the footnote, is the following from 64 C. J., 838-841: "It is a rule of very general application that, if instructions given are correct as far as they go, but are deficient merely because of their generality or failure to reach all points in the case, a party desiring additional instructions to be given must make a request therefor. As was said in an early decision in which Justice Story wrote the opinion, *it is sufficient that the Court has given no erroneous directions.* 'If either party deems any point presented by the evidence to be omitted in the charge, such party may require an opinion from the Court upon that point; if he does not, if is a waiver of it.'" (Emphasis added.)

Moreover, this rule is especially applicable where, as in the case at bar, the trial Judge inquired at the conclusion of his charge to the jury as to whether counsel desired any additional or more specific instructions. See the recent case of *Williams v. Southeastern Life Insurance Company,* 197 S. C., 171, 14 S. E. (2d), 895, and the cases therein cited.

But it is manifest that this rule does not apply if the Court has given "erroneous directions." To hold otherwise would impose upon counsel the rather delicate and difficult task of presenting exceptions to the charge before the retirement of the jury, a practice which we have not adopted, although it does prevail in some other Courts and jurisdictions. We think that the law was clearly and correctly expressed in the opinion of this Court delivered by Mr. Justice Carter in the case of *Steinberg v. South Carolina Power Co.,* 165 S. C., 367, 163 S. E., 881, 883, as follows: "While it is the duty of counsel to follow the Judge's charge and at the conclusion of the charge to call to the Judge's attention any misstatement of issues, in order that the Court, jury, and opposing counsel may not be misled, and to request a fuller charge on any phase of the law, if in the opinion of counsel a fuller charge is necessary to enable the jury to render a correct verdict and do justice between

the litigants, it is not incumbent upon counsel, in order to protect the rights of his client, to call the Judge's attention to what counsel considers an erroneous statement of the law applicable to the case. To make such requirement might place counsel in an embarrassing position."

There is also a case cited in the briefs which bears considerable similarity to the case at bar and is almost precisely in point. We refer to the case of *Gladden v. Southern Railway Company,* 142 S. C., 492, 141 S. E., 90, 99, where the trial Judge correctly defined contributory negligence, but charged the jury that if they found that the defendant was negligent they should then inquire as to the plaintiff's negligence, and if she was negligent determine whether her negligence was a greater or more efficient cause of the injury than the defendant's negligence, and if so, plaintiff could not recover because she would then be guilty of contributory negligence. This Court by the majority thereof held that the charge was reversible error, Mr. Justice Carter dissenting. We quote the following from the prevailing opinion which was delivered by Mr. Justice Stabler (afterwards Chief Justice) :

"In charging the jury on contributory negligence, the trial Judge told them that if they should reach the conclusion that the defendant company was negligent, they should then inquire as to whether the plaintiff herself was negligent, and added : 'If so, was the plaintiff's negligence greater or more efficient or nearer or was a more efficient cause of the injury than the negligence of the defendant? If so, then the plaintiff could not recover   *   *   *   because the plaintiff would be guilty of contributory negligence.'

"It is true that the trial Judge in his charge gave a correct definition of contributory negligence, but later he charged the jury as indicated above. We think that, in spite of the correct definition at first given by the Court, this later charge on the question would lead the jury to conclude that, although the plaintiff might be guilty of negligence to some

extent, combining and concurring with the negligence of the defendant as the proximate cause of the injury, still, if such negligence, upon comparison with the negligence of the defendant, did not exceed in quantity, or was not a greater or more efficient cause of the injury than the defendant's negligence, it would not amount to contributory negligence barring recovery on the part of the plaintiff."

It will be observed that practically the only difference between the *Gladden case* and the case now before us is that there the charge of the Court was such as to lead the jury, to believe that contributory negligence would depend upon whether the negligence of the plaintiff was greater than that of the defendant, while here the charge would lead to the inference that the defense depended upon equality of negligence.

There is a suggestion in respondent's argument that if we should require the testimony to be submitted to us pursuant to Supreme Court Rule 2 (the same not having been printed in the Transcript), and read it in the light of the plea of contributory negligence, it might perhaps be concluded that the charge complained of, if erroneous, was immaterial, on the ground that as a matter of law there could have been no contributory negligence. But there was no motion made by the respondent in the Court below to eliminate this issue from the consideration of the jury, and this alone is sufficient to show that the suggestion is without merit.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

Reversed and remanded.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.