16493

DuRANT v. GEORGE A. RHEMAN CO., INC.

(64 S. E. (2d) 531)

*Messrs. Moore & Mouzon,* of Charleston, and *John G. Dinkins, of Manning, for Appellant,*

*Messrs. James H. McFaddin* of Manning, and *William S. Hope, E. Lloyd Willcox* and *Robert McC. Figg, Jr.,* all of Charleston, *for Respondent,*

April 12, 1951.

TAYLOR, Justice.

Norman Pendergrass, while being transported from his home in Clarendon County to work at the Charleston plant of his employer, Planters Fertilizer & Phosphate Company, in its motor truck, was killed when the latter collided with the parked tank truck of respondent on a state highway in Berkeley County. The Fertilizer Company's workmen's compensation insurance carrier paid the usual death award. Appellant, administrator of the estate of the deceased, brought this action for alleged wrongful death under sections 411, 412, Code of 1942, for $25,000.00 damages, first for the benefit of the compensation insurer, by way of subrogation, and then for the benefit of the parents of the unmarried decedent; and alleged negligence recklessness, wilfullness and wantonness in specified particulars relating to the parking of respondent's tank truck.

In its answer respondent denied negligence, etc., on its part, pleaded the sole negligence, etc., of the driver of the truck in which the deceased was riding and contributory negligence, etc., of the driver and of the deceased. During the trial the answer was permitted over objection to be amended to include the plea of contributory negligence, etc., of the Fertilizer Company in the employment of a notoriously incompetent and reckless driver. However, in the instructions to the jury the court clearly charged that there was no evidence tending to establish negligence on the part of the deceased, or to impute to him any negligence of the driver of the truck upon which he was riding, or to establish contributory negligence on the part of the Fertilizer Company, despite the former amendment of the answer with

regard to the latter. The evidence taken upon trial is not included in the record for appeal and such facts as have been stated are taken from the pleadings and agreed statement of counsel.

At the conclusion of a full, general charge which apparently covered all phases of the case and to which there is no exception, the court inadvertently read conflicting prayers for instructions which had been proffered by the defendant. They were as follows:

"7. I charge you that the negligence of the driver of an automobile can be imputed to a passenger when the occupant has the right to direct and control the manner in which said automobile is operated or when the occupant or passenger was engaged in common enterprise with the driver.

"8. I charge you that this is an action by the administrator for the Estate of Norman Pendergrass brought for the benefit of Liberty Mutual Insurance Company, the compensation insurance carrier of Planters Fertilizer and Phosphate Company.

"9. I charge you that an action by an administrator of a person brought for the benefit of the statutory beneficiaries will be concluded by the contributory negligence or contributory willfullness or recklessness, as the case may be, of the empoyer who is the beneficiary, and in whose right the insurance carrier seeks to recover."

To the foregoing was added the following comment by the court: "And in addition to number eight and number nine, I charge you that this suit is brought under the statute for the use and benefit of the insurance company up to the amount of the money which the insurance company, Liberty Mutual Insurance Company, has paid out for the death of Pendergrass, and in addition to that, it is also brought for the use and benefit of the father and mother of Pendergrass, and if the amount awarded by the jury should be greater in amount than the amount which was already paid out by the insurance company, and which the insurance company is

entitled to, if, I say, the amount of the award be greater than that amount, the insurance company gets that amount back and the balance goes to the father and mother of Pendergrass."

Afterward the court invited further suggestions from counsel and one of the attorneys for the appellant responded, all of which is here quoted from the record, as follows:

"Now, gentlemen, I must turn to you attorneys and tell you I have done my best, but I welcome any suggestions. I realize the charge is long and it is hard to cover everything, and it is entirely possible that I have left something out.

"Mr. Dinkins: I think Your Honor has covered everything fully, I wanted to ask Your Honor this, I was listening to Your Honor's charge when you said about contributory negligence and negligence being imputed, and I just wanted to be sure I understood Your Honor to say that the deceased, Norman Pendergrass, could not be charged with any contributory negligence of Joe Cantey, the driver of the Planters Fertilizer and Phosphate Company.

"The Court: Yes, I said that."

The jury returned verdict for the defendant, now respondent, and plaintiff appealed therefrom and from the refusal of new trial upon exceptions which he says in his brief pose two questions, as follows:

I. Was it error to permit Defendant to amend its Answer to plead contributory negligence of the employer of Plaintiff's intestate?

II. Was it error to charge Defendant's requests on issues already withdrawn from the jury for lack of evidence?

The first question is academic and need not be answered in view of the court's refusal to submit to the jury the plea of contributory negligence of the employer, which was to have been tendered by the amendment. Consideration of the main charge to the jury, all of which is included in the record for appeal, leaves no doubt that the jury were thereby

clearly instructed that they were not to consider the attempted defense of contributory negligence of the employer.

The palpably inadvertent error into which the court was led by respondent's prayers for instructions, which contradicted the main charge and which are quoted above, was substantially compensated or cured by express agreement with counsel at the end of the instructions that the deceased could not be charged with the negligence, if any, of the driver of the Fertilizer Company's truck, in which deceased was a passenger. When the court accurately and unequivocally agreed that the jury had been instructed that the deceased could not be charged with any negligence of the driver of the truck in which he rode, all in the presence of the jury and at the conclusion and as part of the charge, it amounted to repetition and emphasis of the former instructions to that effect (for lack of evidence) and must be held to have removed from the minds of the jurors any erroneous impression made by the reading of respondent's requests. Of course, when the jury was told that the driver's negligence was no defense, any negligence of his employer in the hiring of him was also thereby eliminated.

The incident may be fairly likened to an unintentional misstatement of the issues by the court, which devolves upon counsel the duty to then call attention to the error. Here the negligence of the employer which was alleged in the amendment of the answer was taken out of the case as an issue by the trial judge in his main instructions to the jury, and inadvertently re-introduced by the reading of defendant's requests to charge, and effectually again, and finally, removed by the colloquy between court and counsel (in the presence of the jury) which has been quoted from the record. It appears that counsel properly called to attention the inadvertence of the court and the situation was corrected, as has been said. There was no prejudicial error. The duty of counsel under such circumstances is well settled by many decisions, see *Coleman v. Lurey,* 199 S. C. 442, 20 S. E. (2d) 65, and here it was met. The court co-operated, with the re-

sult that the former inadvertent error must be held to have been harmless. It follows that the exceptions should be overruled, and it is so ordered.

Judgment affirmed.

FISHBURNE, STUKES, and OXNER, JJ., and L. D. LIDE, A. A. J., concur.

