18553

Edward F. STURCKEN, Respondent, v. RICHLAND
OIL COMPANY, Inc., Appellant

(150 S. E. (2d) 341)

356

*Messrs. Lumpkin & Kemmerlin* and *Norbert A. Theodore,* of Columbia, *for Appellant,*

*Messrs. Henry H. Edens, Anne B. Morrison* and *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent,*

August 24, 1966.

BRAILSFORD, Justice.

In my judgment, the errors in the charge, which are expounded in the opinion of the court and which were carefully preserved for review on appeal, were misleading and confusing to the jury and, at least, with respect to the instructions on contributory negligence, were clearly prejudicial to the defendant. I am unable to agree that the defendant by its brief has abandoned or waived the errors in the charge, except as to the narrow issue which alone is resolved by the opinion of the court in affirming the judgment below. Prejudicial error is apparent when we consider that under the instructions the defense of contributory negligence may have been rejected by the jury on findings that both parties were guilty of causal negligence, but that the defendant was guilty of a higher degree or "grade" of negligence than was the plaintiff, even though neither party was found to be guilty of willfulness or wantonness. I, therefore, respectfully dissent.

The foregoing was written as a dissent to the opinion drafted for the court by Justice Lewis. A majority of the court having concurred, this opinion becomes the prevailing opinion. Accordingly, the judgment appealed from is reversed.

BUSSEY, J., and WILLIAM L. RHODES, Jr., Acting J., concur.

Moss, C. J., and LEWIS, J., dissent.

LEWIS, Justice (dissenting).

The plaintiff sustained injury and damage in a collision between his automobile and a truck of the defendant, for which he was awarded judgment in the amount of $25,-000.00 actual damages. The defendant has appealed from the judgment, contending that a new trial should be granted

because of alleged error in the instructions to the jury and certain rulings with respect to the admissibility of testimony. The questions will be disposed of in that order.

The complaint alleged that plaintiff's damage was brought about by the "negligence, carelessness, recklessness, willfulness and wantonness" of the agent of defendant in the operation of defendant's truck. The defenses of contributory "negligence and willfulness" were interposed by the defendant. Admittedly, the testimony presented jury issues as to alleged negligence, recklessness, willfulness and wantonness on the part of the defendant's agent and contributory negligence and willfulness on the part of the plaintiff.

In instructing the jury upon the foregoing issues, the trial judge classified negligence in three grades, namely: (1) "simple negligence," (2) "gross negligence" or "recklessness," and (3) "willfulness and wantonness"; and then defined each of the three named grades.

*Simple negligence or carelessness* was defined as the failure to use due care, about which there is no question.

"Gross negligence" or "recklessness" was defined as a "degree of negligence materially greater than that which would amount to simple negligence or carelessness," but less than willfulness or wantonness; and indicated "the absence of even the slightest degree of care."

Finally, "willfulness and wantonness" was described as "the most serious and severe type negligence" and indicated an act "done intentionally and consciously, or in such a completely negligent manner as to denote a conscious disregard for the rights and safety of others."

The defendant contends that the trial judge erred in his classifications of negligence and that the charge as to contributory negligence and willfulness, when taken in connection with the instructions as to the grades of negligence, amounted to permitting the jury to compare the negligence of the parties, which is not sanctioned in this State.

We find no basis in the prior decisions of this court or in this record to justify the classification of negligence into three categories, as was done in this case.

The trial judge instructed the jury that *recklessness* was different in degree from *willfulness and wantonness,* which was error. We have consistently held that recklessness is the equivalent of willfulness and wantonness. *Pickett v. Southern Railway,* 69 S. C. 445, 48 S. E. 466; *Bussey v. Charleston & Western Carolina Ry.,* 75 S. C. 116, 55 S. E. 163; *Cole v. Blue Ridge Ry.,* 75 S. C. 156, 55 S. E. 126; *Crosby v. Seaboard Air Line Ry.,* 81 S. C. 24, 61 S. E. 1064; *Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30; *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332; *Cummings v. Tweed,* 195 S. C. 173, 10 S. E. (2d) 322; *Hicks v. McCandlish,* 221 S. C. 410, 70 S. E. (2d) 629; *Jeffers v. Hardeman,* 231 S. C. 578, 99 S. E. (2d) 402; *Yaun v. Baldridge,* 243 S. C. 414, 134 S. E. (2d) 248.

The jury was also instructed that punitive damages might be awarded upon a finding of gross negligence which was defined as the failure to exercise "even the slightest degree of care." See: *Anderson v. Ballenger,* 166 S. C. 44, 164 S. E. 313. The instruction that gross negligence, as defined, might form the basis of an award for punitive damages was error.

No where did the pleadings in this case characterize the conduct of defendant's agent as "gross negligence". And, if they had such could not form the basis of an award for punitive damages unless the negligence was so gross as to amount to willfulness or wantonness which is the conscious failure to exercise due care or "conduct so grossly negligent that a person of ordinary reason and prudence would then have been conscious of the probability of resulting injury." *Yaun v. Baldridge, supra.*

The applicable principles were thus stated in *Hicks v McCandlish, supra,* 70 S. E. (2d) 629, 631:

"Gross negligence is a relative term, and means the absence of care that is necessary under the circumstances, but the absence of this care alone, whether called 'gross' or 'ordinary' negligence, does not authorize the jury to give exemplary damages. We have held in many cases that exemplary damages should not be awarded for mere gross negligence, and that the element that distinguishes actionable negligence from willful tort is inadvertence. (Citing cases.)

"The principle is re-stated and the earlier cases cited in *Bell v. Atlantic Coast Line R. Co.,* 202 S. C. 160, 24 S. E. (2d) 177, 182, in which the court quoted the following from *Sample v. Gulf Refining Co.,* 183 S. C. 399, 191 S. E. 209:

" 'While punitive damages are recoverable for negligence so gross or reckless of consequences as to imply or to assume the nature of wantonness, willfulness or recklessness, yet they are not awarded in this state for mere gross negligence.'

"The cases make the distinction, however, that negligence may be so gross as to amount to recklessness, and when it does, it ceases to be mere negligence and assumes very much the nature of wilfulness. So much so that it has been more than once held in this state that a charge of reckless misconduct will justify the jury if the same be proved, in awarding punitive damages. *Proctor v. Southern R. Co. (supra),* 61 S. C. 170, 39 S. E. 351."

Therefore, in so far as the issues in this action were concerned, there was involved only "simple negligence" and "recklessness, willfulness or wantonness." Proof of the first would entitle the plaintiff to actual damages and proof of the second would support in addition an award for punitive or exemplary damages. The "intermediate" grade of negligence, as defined in the charge, created no additional right to recover actual damages and did not sustain any right to recover punitive damages.

While we agree that the classification of negligence into three grades was error, such classification, apart from the

issue of contributory negligence and willfulness, could have only affected defendant's liability for punitive damages. Since no award was made for punitive damages, the erroneous classifications and definitions of negligence, considered alone, resulted in no prejudice to the defendant.

The real basis, however, of defendant's attack on the charge lies in the claim that the erroneous instructions as to the grades of negligence resulted in prejudice, when considered in connection with the charge as to contributory negligence and willfulness.

Following the foregoing definitions of negligence, the jury was instructed as follows with reference to the issue of contributory negligence and willfulness:

"Contributory negligence is negligence on the part of a person, who thereafter becomes a claimant for damage for alleged injuries to his person or property, and which negligence concurs or joins with the negligence of another, and aids in directly and proximately causing the very damage of which the plaintiff complains. * * * There is one other feature to this defense of contributory negligence that I must explain to you: I defined for you three grades of negligence, which, in short, were simple negligence, gross negligence and wanton negligence. Now, if the defendant has satisfactorily established by the burden of proof required, to your way of looking at the matter, contributory negligence on the part of the plaintiff, but you determine that the grade of negligence of the plaintiff's acts amounted to simple negligence, carelessness or inadvertence, the lowest grade of negligence, and in further considering the matter, you determine that the plaintiff has proven, by the necessary burden of proof to your satisfaction, negligence on the part of the defendant's agent, and that such negligence constituted gross negligence, recklessness, willfulness or wantonness, then your verdict on the question of contributory negligence must again be for the plaintiff, because proof of simple negligence, carelessness or inadvertence is not a defense to willfulness, wantonness or recklessness on the part of the defendant. *If*

*the actions of the defendant's agent were of the higher grades of negligence, then in order to prove contributory negligence the defendant would have to prove the same grade of contributory negligence on the part of the plaintiff."* (Emphasis added.)

The defendant contends that, when considered in connection with the prior instructions as to the three grades of negligence, the emphasized portion of the foregoing charge permitted the jury to determine the issue of contributory negligence and willfulness by comparing the negligence of the parties, or the degrees thereof, which is not permitted in this State, relying upon the cases of *Coleman v. Lurey,* 199 S. C. 442, 20 S. E. (2d) 65, and *Gladden v. Southern Ry. Co.,* 142 S. C. 492, 141 S. E. 90.

These cases, however, are not controlling here. Both involved only the issue of negligence and contributory negligence and the court held that the effect of the charge in each was to permit the jury to compare the alleged *negligence* of the respective parties. Neither of the cases involved the issue of willfulness and its effect upon the plea of contributory negligence.

The oft repeated principle that the contributory negligence of the plaintiff will bar recovery simply means that it is a complete defense to *negligent* conduct on the part of the defendant. However, "contributory negligence is not a defense when the injury complained of is shown to have been willfully done, or was the result of such gross negligence as would imply wantonness or recklessness." *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15. *Marks v. I. M. Pearlstine & Sons,* 203 S. C. 318, 26 S. E. (2d) 835. Contributory negligence is not a defense to recklessness, willfulness or wantonnesss, because the parties are not equally to blame. "If the parties are equally, *in the same class,* to blame in producing the injury, neither can recover." (Emphasis added.) *Spillers v. Griffin,* 109 S. C. 78, 95 S. E. 133, L. R. A. 1918D, 1193.

The application of the foregoing principles is not comparing *negligence* within the same class, in the sense of the decisions in *Coleman* and *Gladden, supra,* but rather involves a determination of the class of conduct in which the acts of the parties fall and fixing their rights accordingly. It is not incompatible with a rejection of the doctrine of comparative negligence. 1 Blashfield Auto Law (3d Ed.), Section 67.1.

The defendant contends that the trial judge permitted the jury to compare the negligence of the parties, within the meaning of *Coleman* and *Gladden,* when he gave the instruction which we have emphasized above. We do not so interpret the charge. The instruction in question simply told the jury that contributory negligence would bar recovery only when it was the same grade or class of negligence as that of the defendant. This is in accord with the rule in this State that contributory negligence is a bar to negligence of the defendant and that contributory willfulness is a bar to willfulness.

In applying the charge relative to contributory negligence, the defendant has pointed out in its brief the various situations that might result when applied to the three grades of negligence, depending upon the findings of the jury. Under the charge, if the jury found that the conduct of the defendant was "willful or wanton" and that the plaintiff was guilty of contributory "gross negligence" or "recklessness", as defined the plaintiff could still recover. Out of all of the various situations which conceivably might result under the charge, the foregoing is the *only* one which defendant contends adversely affected it. It is contended that, since recklessness is in the same class of negligence as willfulness and wantonness, the effect of the charge was to permit the jury to compare degrees of negligence within the same class.

In disposing of this question, it must be kept in mind that the trial judge defined recklessness as amounting to

gross negligence or the failure to exercise slight care and that it was a lesser grade of negligence than willfulness and wantonness. Therefore, *as defined in this charge,* and we must assume applied by the jury, recklessness was not the equivalent of willfulness or wantonness, but denoted only gross negligence. In other words, the jury was in effect, instructed that, as against willful and wanton conduct of the defendant, only contributory willfulness and wantonness on the part of plaintiff would bar recovery. This was a correct statement of the law in this State. *Spillers v. Griffin, supra; Ardis v. Griffin,* 239 S. C. 529, 123 S. E. (2d) 876.

While the instructions were erroneous in the foregoing particulars, no prejudice resulted to the defendant therefrom and the exceptions to the charge are accordingly overruled.

The next question relates to the admissibility of testimony relative to the past driving record of defendant's driver. Testimony of previous traffic violations by defendant's driver was admitted, over objection, to show habitual or customary violations of a duty and was properly confined by the trial judge solely to the issue of willfulness and punitive damages. See: *Williams v. Johnson,* 244 S. C. 406, 137 S. E. (2d) 410, and cases cited therein. While the complaint alleged recklessness, willfulness and wantonness on the part of defendant's driver, it contained no specific allegation charging habitual or customary violations of the duty alleged. The defendant, conceding its admissibilty otherwise, objected to the testimony upon the sole ground that it was inadmissible in the absence of specific allegations in the pleadings charging such habitual violations. The admission of such evidence under the general allegations of recklessness, willfulness and wantonness, without specific allegations thereof, is fully sustained by the case of *Kirkland v. Augusta-Aiken Ry. & Electric Corp.,* 97 S. C. 61, 81 S. E. 306; and the exception charging error in this regard is overruled.

Finally, the defendant assigns error in the refusal of the trial judge to permit the officer, who investigated the collision, to testify that he made no criminal charge for a traffic violation against defendant's driver. The defendant concedes that such testimony would ordinarily be inadmissible, but contends that under the present circumstances it was admissible to rebut the inference of willfulness arising from the previously admitted testimony of habitual traffic violations by defendant's driver.

The trial judge properly excluded the testimony. The fact that the officer preferred no criminal charges was an act of judgment on his part and was necessarily based upon his opinion as to the conduct of the parties from an investigation of the accident. The testimony was therefore tantamount to an opinion by the officer that the driver had violated no law, from which the inference was sought to be drawn that the driver was not willful. Such testimony was clearly inadmissible. *Huggins v. Broom,* 189 S. C. 15, 199 S. E. 903; *Smith v. Hardy,* 228 S. C. 112, 88 S. E. (2d) 865; *Wynn v. Rood,* 228 S. C. 577, 91 S. E. (2d) 276. The fact that it was offered to rebut an inference of willfulness from past violations of a duty did not make it competent or relevant.

The judgment of the lower court should be affirmed.

Moss, C. J., concurs.