April 18, 1918. The opinion of the Court was delivered by
These actions were tried together, because they grew out of the same accident, the collision of a trolley car with a motor truck. Clyde was the owner and Powell the driver of the truck. The defendant corporation owned the street car which was operated by Childress, as motorman. The collision occurred at the intersection of Falls street with McBee avenue, in the city of Greenville. The street car was running along McBee avenue, and the truck entered the avenue from Falls street, and was proceeding across the car track when it was struck by the car. The plaintiffs alleged negligence and recklessness in the rate of speed, in the failure to give signals and keep a lookout, and in not stopping the car after it became apparent that the truck and its driver were in peril. The defendants entered a general denial, and pleaded contributory negligence. At the conclusion of all the evidence defendants asked for a directed verdict: (1) As to punitive damages, on the ground that there was no evidence of recklessness; and (2) as to actual damages, on the ground (a) that there was no evidence of negligence, and (b) because plaintiff was guilty of contributory negligence. The motion was refused on all grounds. After very full and clear instructions upon every phase of the law involved, to which no exception has been taken, the jury found for plaintiffs only actual damages, $500 for Clyde, and $740 for Powell.
The first assignment of error is in the refusal of the motion for a directed verdict. We have carefully examined *Page 293 
the evidence and find no error. There was evidence tending to prove each of the specifications of negligence and recklessness alleged. While the undisputed evidence does show that Powell was guilty of negligence, the evidence was conflicting as to whether his negligence contributed, as a proximate cause, to the collision. Therefore the issue of contributory negligence was properly submitted to the jury.
The next contention is that, as the jury found only actual damages, and thereby eliminated the charge of recklessness, the verdict should have been set aside, because the evidence is susceptible of no other inference than that Powell was guilty of contributory negligence, which should defeat recovery of damages for negligence only. Appellant's error lies in the assumption that, when it appeared that Powell was guilty of negligence, that was enough to defeat recovery on the charge of negligence. The law is that, before negligence on the part of the plaintiff will defeat such recovery, it must be made to appear that it contributed to the injury as a proximate cause; in other words, that it was contributory negligence. As we have said, the evidence upon the issue of proximate cause was susceptible of more than one inference, and, therefore, that issue was properly left to the jury.
The last assignment of error is that the verdict was void, and, therefore, should not have been received, and that the Court erred in refusing defendant's motion to set it aside and grant a new trial. The record shows that the Court charged the jury about the hour of adjournment for the day, and instructed them that, when they had agreed on a verdict, it should be written on the complaint, signed by the foreman, and sealed up in an envelope, and then they could disperse until the convening of Court on the next morning, when the verdict would be received. During the night, the jury dispersed. On the following morning, they came into Court, and when assembled, stated *Page 294 
to the Judge that they did not understand how to write their verdict, and requested further instructions as to the form thereof. Such instructions were given, and they retired to their room and returned shortly afterwards with the verdict written on the complaint, and handed it to the clerk unsealed. There is nothing in this to invalidate the verdict. It does not appear that the jury had not actually agreed upon their verdict before they separated for the night. Nor has it been made to appear that appellants were prejudiced in any way by their failure to follow strictly the Judge's instructions. Besides defendants' objection came too late. To avail either party, such an objection must be made at the first opportunity, or it will be deemed to have been waived; otherwise, a party would be allowed to speculate on chances, and accept the verdict if it suits him, or have it set aside if it does not.
Judgments affirmed.