10075

HAYNES v. KAY.

(96 S. E. 623.)

1. APPEAL AND ERROR — APPEALABLE ORDERS — ORDER GRANTING NEW TRIAL.—An order granting a new trial is appealable, where it is based solely on a proposition of law.

2. ANIMALS — KILLING ANIMAL — NEGLIGENCE — PROXIMATE CAUSE.— Though plaintiff's horse was negligently allowed to be at large in violation of law, and was killed by an automobile which defendant permitted his son to drive in violation of the town law, plaintiff might recover if his act was not the proximate cause of the accident.

3. TRIAL—INSTRUCTION—CONTRIBUTORY NEGLIGENCE.—In action for killing of a horse by an automobile, plaintiff's request that defendant's permission to his son to drive the automobile in violation of the town law, was negligence per se which, if the proximate cause, rendered defendant liable was not erroneous as eliminating contributory negligence, in view of other instructions that it would defeat recovery unless the injury was wilful.

4. TRIAL—INSTRUCTION—INSTRUCTION AS A WHOLE.—All the law applicable to a case cannot be stated in a single sentence or proposition, but the charge must be considered as a whole.

Before BOWMAN, J., Anderson, Spring term, 1918. Reversed.

Action by S. A. Haynes against M. A. Kay. Verdict for plaintiff, and from an order granting defendant's motion for a new trial, plaintiff appeals. Order reversed, and cause remanded for judgment on the verdict.

*Mr. A. H. Dagnall,* for appellant, cites: *As to respondent's additional grounds to sustain the order granting a new trial:* 103 S. C. 354; 103 S. C. 216; 51 S. C. 540; 68 S. C. 46; 100 S. C. 33. *As to the order granting a new trial being appealable:* 57 S. C. 138; 64 S. C. 485; 92 S. C. 361; 102 S. C. 1; 107 S. C. 502. *When more than one inference can be drawn from the evidence, the question of proximate cause is for the jury:* 102 S. C. 287; 102 S. C. 327. *As to proximate cause:* 85 S. C. 462; 10 Mees. & 546; 12 L. J. Exch. (N. S.) 10; 6 Jur. 954; 10 Eng. Rul. Cases 90; 5 L. R. A. 418; 164 N. Y. 735; Central Law Journal of July 13, 1917. *The horse was not trespassing upon the street:* 1 R. C. L. 1150; 109 N. E. 828. *As to injuries to animals at large:* 1 R. C. L. 1198; Ann. Cas. 1913c, 722; 36 Cyc. 1505; 38 S. C. L. (4 Rich.) 329; 101 S. C. 433; 103 S. C. 280; 105 S. C. 34; 3 C. J. 151.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite: *As to horse being a trespasser:* 2 Cyc. 892. *As to what is the duty of a traveler upon a public highway as to trespassing animals:* 57 S. C. 253; 90 S. C. 266; 64 S. C. 7; 49 Am. Dec. 239. *As to contributory negligence on the part of the owner of the horse to allow it to run at large:* 1 R. C. L. 1187-1194; 91 Atl. 235; 26 N. Y. 428; 36 L. R. A. (N. S.) 1000; 101 S. C. 415; 73 S. C. 308; 49 Am. Dec. 239; 164 N. Y. S. 735; 5 Hill (N. Y.) 282; 116 Am. St. Rep. 545.

August 28, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued to recover actual and punitive damages for the killing of his horse. While the horse was at large on the streets of Honea Path, it was struck and killed by defendant's automobile, which was being driven by defendant's son, a boy about 10 years old. Plaintiff charged negligence and recklessness in exceeding the speed limit prescribed by the State and town law, in allowing the automobile to be driven by the boy, in violation of an ordinance of the town prohibiting the operation of motor vehicles by persons under 15 years of age, and in failing to prevent the collision after the horse was seen by the driver. Defendant denied the charge of negligence and wilfulness, and alleged that the injury was caused by plaintiff's contributory negligence in allowing his horse to stray upon the streets in violation of an ordinance of the town and the law of the State. The testimony as to speed was conflicting. According to plaintiff's witnesses, it exceeded the limit to the point of being reckless, under the circumstances. According to the defendant's witnesses, it was within the limit, and may have been found to be within the limits of due care, or only negligence, under the circumstances. There was no dispute in the evidence as to plaintiff's negligence in allowing his horse to be at large, for it was in violation of the law of both the State and the town. Nor was there any dispute as to defendant's negligence in allowing his son to drive the automobile, for that was in violation of the town law. But the evidence was conflicting as to whose negligence was the proximate cause of the injury, and as to whether plaintiff's negligence was only a condition, or remote cause, and not a proximate or contributing cause thereof. The Court instructed the jury that, before they could find for plaintiff, they must be satisfied that defendant's negligence was the proximate cause of the injury, and that, if they should find that plaintiff's negligence was a proximate contributing cause thereof, he could not recover, unless they should find that the injury was caused by defendant's recklessness or wilfulness; but, in that

case, defendant would be liable, not only for the actual damages, but for punitive damages, such as they might think proper to award, because plaintiff's contributory negligence would be no defense to a wilful or wanton injury; that, if plaintiff was negligent, and defendant, by the exercise of ordinary care, could have avoided the consequences of his negligence, and failed to do so, his failure would make him liable, if it was the proximate cause of the injury. Under these instructions, the jury found for plaintiff $145 actual damages. Defendant moved for a new trial on the grounds: (1) That plaintiff's horse, being at large contrary to law, was a trespasser on the streets, and defendant owed plaintiff no duty, except not to wilfully or wantonly injure him, and, the jury having found only actual damages, the verdict was equivalent to a finding that there was no wilfulness or wantonness, and, therefore, it should be set aside; (2) for error in charging plaintiff's first request; (3) because the verdict was contrary to law and the weight of evidence. After hearing argument, the Court granted the motion solely upon the first ground, and plaintiff appealed. Defendant asked that the order be sustained on the ground taken and also upon the second and third grounds.

Though granting a new trial, the order is appealable, because it is based solely upon a proposition of law. We think the Court erred in setting aside the verdict on the ground stated. It does not follow that defendant may not have been properly held liable for the injury, even though he may not have recklessly or wilfully caused it. That view of the case leaves out of consideration entirely the question of proximate cause, as to which the jury were carefully and correctly instructed.

Assuming that plaintiff was guilty of negligence in allowing his horse to be upon the streets, and assuming, also, that the verdict in effect acquits defendant of reckless or wilful

conduct, nevertheless, the verdict is not illogical, because the evidence warranted the finding that, notwithstanding plaintiff's negligence, it was not the proximate cause, or a contributing cause, of the injury, and that defendant's negligence was the sole cause of it. The same point was decided in *Powell v. Southern Public Utilities Co.*, 96 S. E. 116; 109 S. C. 290.

The substance of plaintiff's first request was that, if the jury should find that defendant violated the State or town law, that was negligence *per se,* and if such negligence was the proximate cause of the injury, defendant was liable for the damages caused. The error assigned is that the instruction eliminated the defense of contributory negligence. This objection leaves out of view the fact that an instruction must be taken in connection with the whole charge. When the request is considered in connection with the general charge and defendant's requests on the subject of contributory negligence, it is perfectly clear that it was neither erroneous nor misleading, for the jury were repeatedly instructed, and the instruction was emphasized in the general charge and in giving defendant's first and second requests, that contributory negligence would defeat recovery, unless the injury was wilfully inflicted. We have often said that all the law applicable to a case cannot be stated in a single sentence or proposition, but the charge must be considered as a whole.

The third ground is not reviewable here.

The order setting aside the verdict is reversed, and the case is remanded for judgment on the verdict.

Reversed.