14848

DODENHOFF v. NILSON MOTOR EXPRESS LINES *ET AL.*

(2 S. E. (2d), 56)

*Mr. Julian S. Wolfe,* for appellants,

*Messrs. A. J. Hydrick* and *M. E. Zeigler,* for respondent,

March 24, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The record in this case consists of the pleadings, the charge of the presiding Judge, and the exceptions. All exceptions are to the charge of the trial Judge.

Exception 1 alleges error in that the trial Judge in his statement of the law regarding the required lights on certain trucks, stated: "For instance, it says that between the hours of half an hour after sundown and until half an hour before sunrise you must drive with lights on your car or truck. When it comes to a truck they must have extra lights about the top and the back, showing the height of the truck and size."

The complaint alleged the operation of a truck without sufficient lights. We do not know if respondent relied upon this allegation of negligence, but the statute (Section 1632 of the Code), regulating the operation of trucks having a capacity of two tons, and motor trucks with trailer attached, requires such trucks to carry additional lights, "displayed on each of the foremost front corners thereof a green light,

and on each of the extreme rear corners thereof a red light," between certain hours provided in the statute.

The appellants rely particularly on the case of *Keel v. S. A. L. R. Co.,* 108 S. C., 390, 95 S. E., 64, 65. In that case in passing upon an exception complaining of error in the charge of the presiding Judge, this Court stated: "He read the statute to the jury, and that was sufficient. He had the right to read the statute to the jury, or, if the language of the statute was embodied in his own language, this was sufficient. *Mercer v. Southern Ry.,* 66 S. C. (246), 252, 44 S. E., 750."

In the instant case the statute was not read, but the language of the statute was embodied in the trial Judge's own language. If appellants felt aggrieved thereby, it was their duty to call it to the attention of the trial Judge, when he gave them the opportunity of so doing at the conclusion of his charge. See *Smith v. Oliver Motor Co.,* 174 S. C., 464, 473, 177 S. E., 791, and cases therein cited.

Appellants' second exception alleges: "That the Court erred in charging that 'when a person violates that statute law of the State *and as a result of such violation an injury is done to a person or to their property,* the law says that is negligence *per se,* that is, negligence in itself, and is presumed to be the proximate cause of the injury,' his Honor failing to state 'that the presumption is rebuttable until he so stated later on in his charge, thereby fixing in the minds of the jury that all that was necessary in order to bring a verdict against the defendants was that the defendants violated a statute, all of which was confusing and greatly prejudiced the rights of the defendants." (Italics added.)

While charging the law of presumption arising out of the violation of a statute, the trial Judge stated to the jury in connection therewith, the following: "That, however, is a rebuttable presumption, and it is always a question

for the jury to say, from all the circumstances in the case, whether or not the violation of the law relative to the use of a motor vehicle on the highway was negligent, and whether or not it was the proximate cause of the injury."

We quote with approval from *Haynes v. Kay,* 111 S. C., 107, 111, 96 S. E., 623, 624: "* * * We have often said that all the law applicable to a case cannot be stated in a single sentence or proposition, but the charge must be considered as a whole."

Appellants' Exception 2 is overruled.

Appellants' Exception 3 is as follows: "That the Court erred in charging as follows: 'If he did acts of negligence which were the proximate cause of the injury·then the defendants would be liable. That is the primary question that you must determine. And you must determine whether or not the defendant the Motor Company by its driver, its agent, violated any of the statute laws of the State as specified in the complaint. If he did violate them then I charge you, as a matter of law, that there was negligence and a presumption that it was the cause of the injury. But you must go further than that and you must say, from all of the facts and circumstances of the case whether or not it was negligence, that is, his failure to use due and proper care, if he did so, and, further, whether or not such negligence was the proximate cause of the injury.' The error being that the language as used by the Court was greatly in favor of the plaintiff and prejudiced the rights of the defendants and tended to fix in the minds of the jury the liability of the defendants, and that the collision was the result of the negligence of the driver of the truck."

The trial Judge also charged the jury:

"These are statutory requirements. So, when a person violates the statute law of the State *and as result of such a violation an injury is done to a person or to their property,* the law says that that is negligence *per se,* that is, neg-

ligence in itself, and it is presumed to be the proximate cause of the injury." (Italics added.)

"You must determine if the driver of the truck was negligent in at least one of the particulars specified in the complaint. But the plaintiff must go further than that and prove to you that this particular act of negligence on the part of the defendant was the proximate cause of the injury."

The trial Judge twice charged the jury that when a person violates the statute law of the State, *and as a result of such violation an injury is done to a person or to their property,* such *per se* negligence (the violation of the statute) is presumed to be the proximate cause of the injury.

As in *Jones v. Carpenter,* 160 S. C., 401, 158 S. E., 823, the italicized phrase in the charge saves it from error (concurring opinion of Mr. Justice Cothran). And as stated by Chief Justice Blease in writing the opinion of the Court in *Lawrence v. Southern Ry. Co.,* 169 S. C., 1, 14, 167 S. E., 839, 844: "If the premise be, * * * that the *injury resulted from such violation,* the presumption logically follows that such violation proximately caused the injury." The opinion continues: "In the instant case, however, no such premise was presented to the Court. The bald proposition was requested that upon a violation of law appearing and a collision occurring, the presumption arises that the failure to observe the law was a proximate cause of the injury. The premise that the injury must first result from such violation before the presumption arises was absent."

It will be noted that in the portion of the charge quoted in the exception under consideration, the jury were told that the violation of a statute governing the operation of a motor vehicle on the highways of the State was not only negligence, but created the presumption that such negligence was the proximate cause of the injury, and at that point in the charge, the saving premise, "that if the injury resulted from such violation" was omitted. However,

in view of the additional charge immediately following the above statement which is set out in the exception, and the charge as a whole, we would not be warranted in reversing this case merely because in the above instance the trial Judge failed to charge the "saving premise" in the same breath.

■ Exception 4 complains that the trial Judge's charge gave an incorrect definition of the phrase "proximate cause" in that he stated to the jury that "the proximate cause is the cause occurring at the time of the injury received by the plaintiff; that such definition was not clear and full, and that this Court has defined 'proximate cause" as follows: "That which in a natural and continuing sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred."

While the definition of "proximate cause" as given by the trial Judge was too limited, and to this extent incorrect, it was not unfavorable to appellants, and if appellants desired a more complete charge with respect thereto, it was their duty to so request it.

In *Horne v. Southern Ry. Co.,* 186 S. C., 525, 197 S. E., 31, 39, 116 A. L. R., 745, this Court in passing upon an issue similar in principle stated:

"If the appellants desired a more comprehensive statement of the law as to when one becomes a passenger, or if they felt that the principle of law as charged was not as clear as it should have been, then it was their duty to call it to the attention of the trial Judge before the case was submitted to the jury, and if they fail to do so, they cannot thereafter complain.

"In *Moore v. Southern R. Co.,* 163 S. C., 342, 161 S. E., 525, it stated (page 528) : 'The rule of this Court is that, if a party to a suit desires any part of the charge more fully explained, it is the duty of that party to call the same to the attention of the Circuit Judge.' "

Appellants state that their Exceptions 5 and 6 raise the issue: "Was the law as regards common or joint enterprise or purpose and the question of imputed negligence clearly charged?"

As aforesaid, the record does not contain the testimony. The facts necessarily govern the law to be charged. The complaint alleges that respondent was a guest; the answer that he was engaged in a common or joint enterprise with the driver of the automobile which was in collision with the truck of appellants. Suffice it to say, that if a more comprehensive charge was desired, it was the duty of appellants to call it to the attention of the trial Judge before the case was submitted to the jury. *Horne v. Ry. Co., supra.*

All exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.