18677

Jimmy Wayne VAUGHT, Respondent, v. NATIONWIDE MUTUAL
INSURANCE COMPANY, Appellant
(156 S. E. (2d) 627)

66

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*Messrs. Stevens & Holt,* of Loris, *for Respondent,*

July 12, 1967.

LEWIS, Justice.

The plaintiff recovered judgment against Wallace Wholesale Company, Inc., for injuries sustained by him when his automobile collided with a truck owned by the company and driven at the time by its employee. Wallace Wholesale Company was allegedly the named insured in an automobile liability insurance policy issued by the defendant Nationwide Mutual Insurance Company; and, upon the failure of the insured to pay the foregoing judgment, plaintiff brought this action against the defendant insurer to collect the amount thereof in accordance with the terms of the policy. The defendant denied liability, asserting in its answer a general denial and that it was relieved of its obligation under the policy by the alleged failure of the insured to cooperate in the defense of the original action brought by plaintiff.

Upon the trial of the case, the defendant timely moved for a directed verdict in its favor upon the grounds that (1)

the plaintiff had failed to prove by any admissible testimony the existence of the policy under which the action was brought and (2) the testimony conclusively showed that the defendant was relieved of liability by the failure of the insured to cooperate in the defense of the original action as required by the policy terms. This motion was denied and the issues, submitted to the jury for determination, resulting in a verdict for plaintiff. Post trial motions by the defendant for judgment *non obstante veredicto* and, in the alternative, for a new trial were denied, from which the defendant has prosecuted this appeal.

The defendant first contends that the lower court erred in admitting in evidence a photostatic copy of the policy involved and without such copy a directed verdict should have been granted because there was no other proof of the existence of the policy of insurance under which recovery was sought.

The plaintiff proved the terms of the policy by introducing secondary evidence thereof in the form of a photostatic copy. The president of the insured was called by plaintiff as a witness. The president testified that he did not know the whereabouts of the original policy issued by the defendant but that a photostatic copy exhibited to him was a true and correct copy of the original and that the insured had paid the premiums thereon. The trial judge, over defendant's objection, admitted the photostatic copy of the original policy in evidence.

The applicable principles governing the admission of secondary evidence are set forth in *Wynn v. Coney*, 232 S. C. 346, 102 S. E. (2d) 209. The following was there quoted with approval from *Beaty & Co. v. Southern Railway Co.*, 80 S. C. 527, 61 S. E. 1006:

"Under the law of this state, and in accordance with the general rule, where the writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed without the fault

of the party desiring to prove the fact, secondary evidence becomes admissible."

And the following from *Sample v. Gulf Refining Co.*, 183 S. C. 399, 191 S. E. 209:

"The original of a document is, of course, the best evidence as to its contents, and before the receipt of secondary evidence can be required, it is necessary for the party offering the evidence to make certain preliminary proof to establish the necessity and propriety of the receipt of the secondary evidence in place of the original document; and while the sufficiency of this preliminary proof does not rest in the uncontrolled discretion of the trial judge, as statements in some of the cases seem to imply, yet at least some if not a large measure of discretion in this respect necessarily is vested in the trial judge. (Citing cases). Obviously, there also must be some proof tending to show the former existence and execution of the original instrument. (Citing cases)."

The rule with reference to the use of photostatic copies is thus stated in 29 Am. Jur. (2d), Evidence, Section 490:

"In the absence of a statute providing otherwise, photographic or photostatic reproductions of writings are ordinarily regarded as only secondary evidence and not admissible in evidence over the objection of an adverse party unless a basis is laid for their reception by showing that the original cannot be produced. * * * However, where a party offering a photographic or photostatic copy of a writing or document in evidence shows that he cannot produce the original because it cannot be found after a reasonable search therefor, or because it has been destroyed, or because it is outside the jurisdiction of the court, and further shows that the reproduction is an accurate copy of the original, the photographic or photostatic copy may then be properly admitted."

Annotations upon the subject may be found in 142 A. L. R. 1270 and 76 A. L. R. (2d) 1356.

The plaintiff is suing in this case as a third party beneficiary under an insurance contract between the defendant and its insured. The original policy was issued to the insured and the defendant denied having it in its possession. Admittedly, the plaintiff would not have had the policy in his possession at any time. The president of the insured, who presumably would have had control of the original policy, testified that he did not know where the original was but that the document offered by plaintiff was a direct photostatic copy of the original, upon which the insured had paid all premiums due. Since the defendant issued the policy, it was thoroughly familiar with its terms. The record further shows that the accident out of which this controversy arose was immediately reported to an agent of the defendant and that defendant, recognizing the existence of the policy, provided legal representation for the insured in defense of the ensuing action brought by plaintiff.

The testimony established the existence of the original contract of insurance and it was clearly inferable that the original could not be produced at the trial. While it is not included as a part of the record on appeal, the trial judge had the photostatic copy before him and we think, under the present facts, he correctly exercised his discretion in admitting such copy in evidence.

Since the photostatic copy of the policy of insurance was properly admitted in evidence, the trial judge correctly refused to direct a verdict for defendant upon the ground that the plaintiff had failed to prove the existence of the policy and its terms.

The defendant also takes the position that the trial judge should have directed a verdict in its favor upon the ground that the evidence conclusively showed a failure on the part of the insured to cooperate in the defense against plaintiff's claim, as required by the terms of the policy, and that such lack of cooperation was prejudicial to the defendant. The policy contained the following provision:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The sole basis of the claim that the insured failed to cooperate is the fact that the driver of the insured's truck did not appear to testify at the trial of the original action which resulted in judgment against the insured; and that, since the driver was a material witness and an employee of the insured, his absence from the trial gave rise to the inference that had he been present his testimony would have been adverse to the insured, which substantially prejudiced the insurer.

There is no dispute as to the applicable legal principles. The parties recognize the settled rule in this jurisdiction that an insurer, seeking to relieve itself of liability because of the violation by the insured of a co-operation clause in the policy, has the burden of showing not only that the insured failed to cooperate within the meaning of the policy provision but that it was substantially prejudiced thereby. Such issue is generally one of fact for the jury and becomes one of law for the court only where there can be but one reasonable inference from the evidence. *Pharr v. Canal Insurance Co.,* 233 S. C. 266, 104 S. E. (2d) 394. *Crook v. State Farm Mutual Insurance Co.,* 235 S. C. 452, 112 S. E. (2d) 241. Of course, in determining whether the trial judge erred in refusing to grant defendant's motion for a directed verdict, the evidence and the reasonable inferences to be drawn therefrom must be considered in the light most favorable to plaintiff.

The collision out of which plaintiff's claim arose occurred in Horry County, South Carolina, while the insured's truck, operated by its driver, was passing through the State on one of its regular trips in hauling produce from Florida to North Carolina. Both, the insured and its driver, were non-residents of the State of South Carolina. Action was

brought in Horry County by plaintiff against the named insured to recover the damages sustained in the collision and the insurer procured counsel to defend the action. The driver was not a party to the action.

The action brought against the insured was tried twice. The first trial was held in December 1963 and the insured was instructed by counsel procured by the insurer to have the driver present to testify. Since the driver was engaged in making regular trips to Florida, the insured instructed him to return from a trip, then being made, in time to testify at the trial. The driver did as instructed, stopping on his return trip in Horry County where the case was to be tried. The first trial resulted in a mistrial before the testimony was completed and the driver, although present, did not testify.

The second trial was held on January 6, 1964. Counsel employed by the insurer, as he did prior to the first trial, requested the insured to have his driver present so as to testify. There was testimony that counsel did not have the driver subpoenaed as a witness because he felt that a subpoena would be ineffective against him, a non-resident, and also because he considered that he had a right to rely on the insured to see that its employee was present. Apparently the insured took the same action to have his driver present, as adopted at the first trial, by instructing him before he left on a trip to Florida to be back in South Carolina in time to testify at the scheduled trial on January 6th. It is inferable that the driver left on the trip in ample time to return as instructed. Although instructed to do so by the insured, the driver did not return from the trip prior to the beginning of the trial. When the case was called on January 6th, counsel informed the court that the driver was a witness and was not present at that time but that he expected him to be there. No motion was made for a continuance. However, after the trial of the case had begun, the insured notified counsel by telephone that its driver could not be present until the following day, January 7th. Counsel then so informed the court and requested that the trial be con-

tinued into the following day so that the driver could testify. This request, made during trial, was opposed by plaintiff's counsel and refused by the trial judge. The driver did not return in time to testify and the trial judge instructed the jury that they could draw the inference from his absence that had he been present his testimony would have been adverse to the insured, the defendant in that action.

There were other eye witnesses to the collision, besides plaintiff and the driver of insured's truck, and they testified for the insured.

The mere fact that insured's driver was sent by the insured on a trip to Florida and did not return in time to testify at the trial does not establish, as a matter of law, a failure to cooperate. Such action on the part of the insured must be viewed in the light of all of the attendant facts and circumstances. It is inferable from the testimony that the driver was sent to Florida on a trip in the normal course of the insured's business with ample time for the driver to return to testify at the trial, as the insured instructed him to do. The driver had, under similar circumstances, returned in time to testify at the first trial. The insured had cooperated to the fullest extent in every other particular up to that time and the record supports the inference that he acted reasonably and in good faith in attempting to have the driver present to testify at the second trial.

Under all of the facts and circumstances, we think the trial judge properly concluded that a jury issue was presented as to whether the named insured, Wallace Wholesale Company, had cooperated with the insurer within the meaning of the policy provision.

Finally, the defendant contends that, in any event, a new trial should be granted because of alleged error on the part of the trial judge in permitting plaintiff's counsel on cross examination of one of defendant's witnesses to ask a hypothetical question without the proper basis being laid therefor.

There was testimony in this case that the insured's driver followed either highway No. 701 or 17 through South Carolina in making trips to Florida, and that both routes passed through Horry County where the case against the insured was tried. The driver was not a resident of this State and no subpoena was issued to require his presence at the trial which resulted in judgment against the insured. Question arose in the present trial as to the action which the insurer or its counsel could have taken to assure the presence of the driver to testify; and Mr. John McCutcheon, an attorney, who testified for defendant, was asked on cross examination, over defendant's objection, the following question: "If you were a lawyer and knew that a truck was coming through the State of South Carolina with the driver and coming down 701 through Conway wouldn't it be a better practice to serve the driver with a subpoena?" To which, Mr. Mc-Cutcheon answered: "Well, the better practice, of course, would be to serve any witness with a subpoena." However, it was subsequently developed, and recognized, during the testimony of Mr. McCutcheon that a subpoena would have been legally ineffective to compel the driver, an out of state witness, to attend the trial.

Defendant's position is that the trial judge erred in permitting the above question because the proper basis therefor had not been established in the record in that there was no showing to support the premise that counsel was aware of the route followed by the insured's driver through the State in making the trips to Florida. It is unnecessary to further pursue the issue. For, assuming that the trial judge was in error in permitting the above question, no prejudice resulted to the defendant therefrom because it was subsequently recognized that a subpoena issued to an out of state witness would have been legally ineffective to compel the attendance of such witness at a trial in this State.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and G. Badger Baker, Acting Associate Justice, concur.