**W. L. THAXTON, Appellant,**

v.

**HOUSTON NATIONAL BANK,**
**Trustee, Appellee.**

**No. 229.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 19, 1969.

Rehearing Denied April 16, 1969.

Fred A. Collins, Houston, for appellant.

Donald Lasof, Ralph Balasco, Houston, for appellee.

BARRON, Justice.

This action was filed by Houston National Bank, as trustee, lessor of certain premises in Harris County, Texas, against lessee, W. L. Thaxton. The suit arose out of an alleged breach of a written lease contract. It was alleged that the lease was breached by lessee's failure to pay rentals, his failure to pay taxes and his failure to pay insurance, all under the provisions of the written lease contract. Foreclosure of liens and recovery of rentals, taxes, insurance premiums paid, attorney's fees and general relief were sought by the Bank.

Houston National Bank, trustee, filed motion for summary judgment supported by affidavit of Don Debenport, the Bank's trust officer. On the day of the hearing on such motion, Thaxton filed a cross-action. He also filed an affidavit executed by his attorney. The trial court after a hearing granted the Bank's motion for summary judgment in the amount of $16,-137.35 on the original action, and it also granted the motion on appellant's cross-action. Judgment was rendered on November 12, 1968. Thaxton is appellant, and the Bank is appellee.

The written lease is set out in its entirety in the Bank's original petition and in its motion for summary judgment. It provides that lessee shall pay rentals of $1,100.00 per month in advance and makes provision for lessee's payment of all state, county, city, school, library and other ad valorem taxes on the premises. It further provides for payment by lessee of fire and general liability insurance on the premises in certain amounts at lessee's cost. A statutory lien, in addition to the agreed contractual lien, on all personal property on the premises was retained by lessor. The lease contained a provision for cancellation in event of default of any of its provisions after 30 days and after notice of default, with right of possession and re-entry by the Bank.

The affidavit of the trust officer in support of appellee's motion for summary judgment sets forth the terms of the lease by reference and clearly states that appellant had been in default in rental payments since December 1, 1967. Notices of default were shown with the sums due and owing to appellee. The affidavit stated that distress warrant was obtained, two writs of garnishment were taken out, a hearing was held on replevy, and that Thaxton had

abandoned the premises after incurring additional rental, leaving the property involved unprotected. Non-payment of taxes was shown by specific reference to the petition on file. Failure to provide insurance as agreed in the sum of $770.00 was shown, together with necessary attorney's fees in the sum of $3,000.00.

Appellant's affidavit made by his attorney sufficiently controverted the Bank's affidavit concerning the obtaining of insurance on the premises and denied that the insurance had been cancelled. It stated that Thaxton "suggested to Houston National Bank that it either accept the amount offered by the prospective purchaser or that it take the furniture and equipment to be applied on delinquent rentals." The affidavit stated that the distress warrant obtained by the Bank was thereby rendered unnecessary, and that attorney's fees in the amount of $3,000.00 were unnecessary and unreasonable.

The trust officer's affidavit was clear and positive that rentals and taxes had not been paid by Thaxton as agreed, and that the lease contract was in serious default. Further, it is clear that appellant had abandoned the premises, and that the Bank was required to take legal action to protect the property. The opportunity to disprove lessor's right of re-entry for non-payment of rentals and taxes was available to appellant if such evidence had existed. Such matters were not controverted, and there are no circumstances in evidence tending to discredit or impeach the statements contained in the Bank's affidavit concerning the above. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47, (Tex.Sup.).

Appellant's cross-action is based entirely upon an alleged wrongful issuance and execution of writs of garnishment and distress warrant. The allegations of appellant state that as a result of the above his business was padlocked, the sale of his agency was defeated, his contracts were cancelled, and the personalty was subsequently sold for a price less than he had been offered. Cross-plaintiff, appellant, further pleaded loss of business reputation and good will, all in the sum of $50,000.00

However, the record clearly shows that such events, if any, occurred long after appellant had been in default of the lease agreement. Appellee had the unquestioned right to obtain writs of garnishment and a distress warrant, and the validity of the warrant and the writs have not been attacked. Offers and suggestions made by appellant cannot alter or compromise the legal rights of the Bank under these circumstances. Art. 5227, V.A.T.S., and see 35 Tex.Jur.2d, Sec. 71, p. 559.

The trial court's judgment ordered that the proceeds of the sale of any personal property turned over by Thaxton to the Bank be credited toward satisfaction of the Bank's liens and the court's judgment. Appellant contends that such provision rendered the judgment vague and uncertain and subject to an unspecified credit. We overrule such contention. We believe the above portion of the judgment is certain enough, and that the amount of the proceeds can be made certain and definite. The principle that that is certain which can be made certain applies to the construction of judgments as well as to other writings. See 33 Tex.Jur.2d, Sections 34 and 84. And see Bradley v. Straus-Frank Co., 414 S.W.2d 504, 505, 506, (Tex.Civ.App.), no writ hist. The cases of Spiva v. Williams, 20 Tex. 442, (Tex.Sup.) and Hendryx v. W. L. Moody Cotton Co., 257 S.W. 305, (Tex.Civ.App.), no writ hist., are not here in point.

We overrule appellant's contention that the judgment was not supported by the pleadings. The amounts making up the trial court's judgment were as follows: rentals and taxes to date of suit, $10,967.-35, insurance premiums incurred by lessor, $770.00, and rental accrued during the pendency of the suit, $4,400.00, making a total of $16,137.35. Appellee prayed for

**458**

past due rentals, taxes and insurance premiums in addition to the monthly rental which might accrue until trial, and for "such other and further relief as the Court may deem proper." Any relief appropriate to the facts proved at the trial may be granted under the above prayer, and the trial court may render judgment in the light of the entire record. Clark v. Wisdom, 403 S.W.2d 877, (Tex.Civ.App.), writ ref., n. r. e.; Bradley v. Straus-Frank Co., supra.

Appellee waived the item of attorney's fees in the trial court. In its brief and in oral argument before this Court appellee asks that we reform the judgment by deducting from it the sum of $770.00, representing insurance premiums, in the event appellant sufficiently controverted the issue concerning the premiums. We have held that the issue of premiums has properly been controverted considering the rule that all doubts as to the existence of genuine issues as to a material fact are resolved against the movant, the appellee, in summary judgment proceedings.

The judgment below is accordingly reformed, and as reformed it is affirmed.