20943

Rodney A. CULBERTSON, Appellant, v. Danny CULBERTSON and Barbara B. Culbertson, Respondents.

(254 S. E. (2d) 558)

104

*W. Paul Culbertson,* of *Culbertson, Whitesides & Turner,* Laurens, *for appellant.*

*Thomas J. Thompson,* of *Townsend & Thompson* and *Albert D. McAlister,* of *McAlister, Compton & McAlister,* Laurens, *for respondents.*

April 23, 1979.

NESS, Justice:

This is a boundary line dispute involving land in Laurens County. The jury returned a verdict for respondents, Danny and Barbara Culbertson. We affirm.

In 1962, appellant Rodney Culbertson purchased 13 acres "more or less." Six years later, respondents were deeded 67 acres "more or less" adjoining appellant's property. This suit

for trespass and adjudication of title was commenced by appellant.

Appellant asserts the trial court erred in admitting into evidence a copy of a 1949 plat prepared for one of respondents' predecessors in title. We disagree.

Initially, appellant contends the copy of the plat constituted secondary evidence and was inadmissible because respondents failed to prove the destruction of the original. This is without merit. The surveyor, Lewis Godsey, testified he had prepared the original and had searched for it in his files. Being unable to locate it, he stated he presumed it to be lost. We believe this testimony was sufficient to establish the unavailability of the original document. See *Vaught v. Nationwide Mutual Insurance Company,* 250 S. C. 65, 156 S. E. (2d) 627 (1967); McCormick on Evidence (2d) Ed., § 237, p. 570; Dreher, A Guide to Evidence Law in South Carolina, p. 51.

Appellant also asserts the plat should not have been admitted because it was not referred to in any deed in respondents' chain of title, and because respondents were unaware of its existence prior to the time of trial. There is no authority cited for this position by appellant and we have found none.

Finally, appellant contends the plat was inadmissible because it was based on hearsay testimony. While it is true the surveyor could not remember precisely why he placed the boundary line as depicted in the 1949 plat, the record does not support appellant's assertion that Godsey relied solely upon hearsay testimony. Moreover, the hearsay rule, as applied to evidence of boundaries, has been practically vitiated. See 12 Am. Jur. (2d), Boundaries, § 106. As stated in 11 C. J. S. Boundaries § 105, p. 698-699:

"Boundaries may be proved by pertinent, relevant, and material testimony, or, in other words, by every kind of evidence admissible to establish any other controverted fact. The evi-

dence takes a wide range guided by the wise discretion of the presiding justice, who may resort to any evidence which is the best evidence available. Thus, under certain restrictions, hearsay evidence is admissible, as where there has been so great a lapse of time as to render it difficult to prove the original boundary lines by the existence of the primitive landmarks."

Here, nearly thirty years had passed since the date of the survey. Godsey could not be expected to remember why he placed the boundary line as he did in the 1949 plat. We conclude the trial court did not abuse its discretion in permitting the plat to be introduced into evidence.

Appellant next excepts to the action of the trial court in allowing into evidence a sketch of the area prepared by respondents' attorney. This is without merit. According to McCormick on Evidence, 2nd Ed. § 213, p. 530:

"Models, maps, sketches, and diagrams . . . are by their nature generally not confusable with real evidence, and are admissible simply on the basis of testimony that they are substantially accurate representations of what the witness is endeavoring to describe."

See also, Dreher, A Guide to Evidence Law in South Carolina, p. 44.

The remaining exceptions raised by appellant either are not properly preserved on appeal or are without merit. Therefore, we affirm the jury verdict rendered in favor of respondents.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.