0754

Sharon V. PINCKNEY and Arbrey E. Pinckney, Appellants v. PETTIJOHN BUILDERS, INC., d/b/a/ Mini-Storage of North Charleston, Thomas P. Pettijohn, and Jo Pettijohn, Respondents.

(346 S. E. (2d) 533)

Court of Appeals

*Jack D. Cordray,* Charleston, *for appellants.*

*Frank M. Cisa* of *Burkett, Guerard, Wooddy, Bargmann, Cisa, O'Neill & Styles,* Charleston, *for respondents.*

July 21, 1986.

SHAW, Judge:

Appellants Sharon V. and Arbrey E. Pinckney brought this action for conversion against respondents Pettijohn Builders, Inc., d/b/a/ Mini-Storage of North Charleston (Mini-Storage); Thomas P. Pettijohn; and Jo Pettijohn. The

Pinckneys appeal from a jury verdict in favor of Mini-Storage. We affirm.

A jury's findings will not be disturbed unless the record discloses no evidence reasonably supporting them. *Pee Dee Production Credit Association v. Joye*, 284 S. C. 371, 326 S. E. (2d) 650 (1984).

In April of 1982, Arbrey Pinckney entered into a lease agreement with Mini-Storage to rent a mini-storage unit for $42.00 per month. Personal property belonging to Arbrey and Sharon was stored in the unit. The lease contains a non-liability clause for any damage to the property, and further provides:

> Time is of the essence in the payment of each and every payment upon rent herein covenanted to be paid: If any rent shall be due and unpaid, or if any default shall be made in any of the covenants herein contained, then it shall be lawful for the lessor to re-enter the said premises and to remove all persons and property therefrom. Lessor agrees to give Lessee ten (10) days written notice of Lessor's intent to re-enter the leased premises. Said notice shall be given by regular U. S. Mail at Lessee's address below written. Any and all property so removed may be retained as payment for any and all sums due from Lessee to Lessor, or may be sold at private sale or public sale, and the proceeds of said sale shall be applied first to any sums from Lessee to Lessor and Lessee shall be liable for any deficiency then remaining. The Lessor shall be entitled to deduct any legal costs, including any reasonable attorneys fees, required to enforce the provisions of this paragraph. The Lessor shall pay the Lessee any balance remaining.

In June of 1982, the Pinckneys' property was damaged by water. Mini-Storage received the Pinckneys' last rental payment on July 10, 1982. Thereafter the Pinckneys refused, despite repeated demands by Mini-Storage, to pay rent on the unit. The Pinckneys informed Mini-Storage they would make no further payments until they received the proceeds from insurance on the property. Mini-Storage then instituted legal action at the direction of Magistrate M. Victor Revelise. The Pinckneys were notified by certified letter in

August of 1982. The letter advised the Pinckneys, "... this letter will constitute legal procedure to satisfy this account plus all costs of procedure through to foreclosure and seizure of the goods. You can stop this action by contacting Mini-Storage and satisfying your account." In November of 1982, the property was sold at a public sale. The Pinckneys then brought this action.

The Pinckneys assign several errors to the trial judge regarding the applicability of S. C. Code Ann §§ 27-39-210, 29-15-10 (1976 & Supp. 1985) to these facts. We hold that regardless of the applicability of Sections 29-15-10[1] and 27-39-210[2] of the 1976 Code of Laws of South Carolina, the actions of Pettijohn were clearly authorized under provisions of the lease. Contrary to the argument of the appellants, Section 27-39-210, commonly known as the Collection of Rent by Distraint Statute, does not provide the exclusive remedy to a landlord for the collection of rent in South Carolina. *Fidelity Trust & Mortgage Co. v. Davis*, 158 S. C. 400, 155 S. E. 622 (1930); *Hamilton v. Blanton*, 107 S. C. 142, 92 S. E. 275 (1917); *Parrott v. Malpass*, 49 S. C. 4, 26 S. E. 884 (1897); *See* 52 C. J. S. *Landlord & Tenant* Section 661 (1968); *Thaxton v. Houston National Bank*, 439 S. W. (2d) 455 (1969).

The Pinckneys also claim the judge erred in his charge to the jury. Specifically, they allege the court erred in charging the jury Mini-Storage had no duty to repair the premises. During arguments about the charge, the Pinckneys' attorney stated, "I don't have any objection to a charge that the landlord [Mini-Storage] ... has no obligation to repair." Thus it cannot now be argued the judge erred. Furthermore, the lease contains a non-liability clause expressly relieving Mini-Storage of any liability for damage to the Pinckneys' property.

---

[1] This Section provides a lien to the "proprietor, owner and operator of any storage place ..." and permits a magistrate to enforce the lien by selling property stored to satisfy past due storage charges.

[2] Section 27-39-210 provides that "a landlord *may* (emphasis added) enforce collection of rent due by distress in the following manner ..."

Finally, we hold the Pinckneys' remaining allegations of error are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Affirmed.

CURETON and GOOLSBY, JJ., concur.