**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

CitiMortgage, Inc., Appellant,

v.

Mary Lee Johnson and City of Dillon, Defendants,

Of whom Mary Lee Johnson is the Respondent.

Appellate Case No. 2011-194786

———————

Appeal From Dillon County
Hubbard W. McDonald, Jr., Special Referee

———————

Unpublished Opinion No. 2012-UP-510
Submitted July 2, 2012 – Filed September 5, 2012

———————

**AFFIRMED**

———————

Damon C. Wlodarczyk, of Riley, Pope, & Laney, LLC, of Columbia, for Appellant.

Charles E. Curry, of Dillon, for Respondent.

———————

**PER CURIAM:** CitiMortgage, Inc. appeals the special referee's denial of its foreclosure action, arguing the special referee erred in finding the secondary evidence (1) was inadmissible and (2) was insufficient to meet the foreclosure

requirements. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the special referee erred in finding the secondary evidence was not admissible: *State v. Halcomb*, 382 S.C. 432, 443, 676 S.E.2d 149, 154 (Ct. App. 2009) ("In particular, the question of whether to admit evidence under the 'best evidence rule' is . . . addressed to the discretion of the trial court."); Rule 1002, SCRE (providing the original document should be entered into evidence); Rule 1004, SCRE (establishing an exception to the original document requirement and permitting other evidence of the original document to be admitted if "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith"); *Vaught v. Nationwide Mut. Ins. Co.*, 250 S.C. 65, 68-69, 156 S.E.2d 627, 628-29 (1967) (holding the secondary evidence is only admissible when "the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed *without the fault of the party* desiring to prove the fact" (emphasis added and citation omitted)).

2.     As to whether the special referee erred in finding the secondary evidence was insufficient to meet the foreclosure requirements: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.