**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnson Koola, Appellant,

v.

Cambridge Two, LLC; Albert V. Estes, Individually; Cambridge Lakes, LP; Stephen R. Heape, Individually and as General Partner of Cambridge Lakes, LP; Cambridge Lakes Apartment Homes, a/k/a Cambridge Lakes Apartments, LP, a/k/a Cambridge Lakes Apartment Homes, LP; Classic Properties of Charleston, Inc.; Cambridge Contracting, LP; Trademark Properties, Inc.; Carolina One Charleston Home Team Properties, LLC; Charleston Home Team, LLC; Carolina One; and William E. Jenkinson, IV, Individually,

Of whom Trademark Properties, Inc., and Carolina One are the Respondents.

Appellate Case No. 2015-000111

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge,

———————

Unpublished Opinion No. 2016-UP-485
Submitted October 1, 2016 – Filed November 23, 2016

———————

**AFFIRMED**

———————

Johnson Koola, of Mount Pleasant, pro se.

Michael Christopher Scarafile, of Carolina One Real Estate, of North Charleston, for Respondent Carolina One.

Robert Michael Ethridge and Suzanne Elizabeth Deters, both of Carlock Copeland & Stair, LLP, of Charleston, for Respondent Trademark Properties, Inc.

---

**PER CURIAM:** Johnson Koola appeals two circuit court orders granting summary judgment to Carolina One and Trademark Properties (collectively Respondents). Koola argues the circuit court (1) prejudiced him and violated the South Carolina Constitution by arguing legal issues on behalf of Trademark, (2) violated his due process rights and denied him equal protection under the law, and (3) erred by finding Respondents were not required to provide Koola with a disclosure pursuant to the South Carolina Horizontal Property Act[1] (HPA).[2] We affirm.[3]

First, no evidence in the record supports Koola's assertion the circuit court argued on behalf of Trademark. Therefore, we hold the circuit court did not prejudice Koola or promulgate its own rules of procedure. *See* Rule 210(h), SCACR (stating this court will not consider any fact that does not appear in the record); *Culbertson v. Culbertson*, 273 S.C. 103, 105-06, 254 S.E.2d 558, 559-60 (1979) (affirming an underlying verdict when appellant's arguments on appeal were unsupported by the record and meritless); *Christensen v. Mikell*, 324 S.C. 70, 74, 476 S.E.2d 692, 694 (1996) (noting mere allegations of judicial bias are "not enough" and must be supported by "some evidence" of the judge's bias).

---

[1] S.C. Code Ann. § 27-31-10 to -440 (2007 & Supp. 2015).

[2] Specifically, Koola lists his issues as whether the circuit court erred in (1) finding the Respondents were not joint tortfeasors, (2) finding Respondents were not required to provide Koola with the HPA disclosure, (3) dismissing Koola's claim that Respondents violated the South Carolina Unfair Trade Practices Act, (4) finding Respondents were not liable for negligence and breach of contract or warranty, and (5) ruling Respondents were not liable for fraud.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

Second, Koola abandoned his due process and equal protection arguments because he failed to cite any supporting authority for these assertions in his brief to this court. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

Third, we find the circuit court committed no error in determining no genuine issue of material fact existed as to Respondents' liability under the HPA. *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("In reviewing a decision to grant summary judgment, [the appellate court] appl[ies] the same standard as the circuit court."); Rule 56(c), SCRCP (requiring that a court grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."). The circuit court correctly found Respondents were not required to provide the HPA disclosure to Koola. *See* S.C. Code Ann. § 27-31-430 (2007) (requiring "the *lessee, sole owner, or co-owner*" of a building being converted into a condominium to provide a written disclosure of the building's condition to all prospective purchasers (emphasis added)); *Home Bldg. & Loan Ass'n v. City of Spartanburg*, 185 S.C. 313, 321, 194 S.E. 139, 142 (1937) ("Full effect must be given to each section [of a statute], and the words must be given their plain meaning. Whe[n] there is no ambiguity, words must not be added to or taken from the statute.").[4]

Because we find no error in the circuit court's HPA disclosure ruling, we decline to address any remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding it unnecessary to address remaining issues when disposition of a prior issue is dispositive).

---

[4] We note the law of the case doctrine is inapplicable to this issue. *See Baber v. Greenville Cty.*, 327 S.C. 31, 40, 488 S.E.2d 314, 319 (1997) (explaining "[t]he denial of summary judgment is interlocutory" and "is not a final order"); *Bone v. U.S. Food Serv.*, 399 S.C. 566, 576, 733 S.E.2d 200, 205 (2012) ("Whe[n] the party is not yet able to appeal due to the lack of a final judgment, the issue is not precluded by the law of the case doctrine . . . .").

**AFFIRMED.**[5]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[5] Koola's motion requesting that this court schedule oral argument is denied.